IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD JASEK, ) | Criminal No. 19-00008 |
| ) | |
| Defendant. ) | Electronically Filed |

**Motion for Severance**

The Government has brought a ten-count Superseding Indictment against 48 individuals including Defendant Jasek. Only Count One is brought against Defendant Jasek, which Count charges him with violating 21 U.S.C. 846 and committing Conspiracy to Possess with Intent to Distribute and Distribute Schedule I, II, and III Controlled Substances, along with a Forfeiture Allegation. Section 846 makes it a crime to "attempt[] or conspire[] to commit any offense defined in this subchapter" and further states that such a person "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Defendant now brings this Motion for Severance and requests that this Court sever his criminal action from that of his 47 co-Defendants. Two statutory provisions govern this issue. First, Rule 582 provides as follows:

 Joinder—Trial of Separate Indictments or Informations

(A) Standards
(1) Offenses charged in separate indictments or informations may be tried together if:
(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
(b) the offenses charged are based on the same act or transaction.

1

Pa.R.Crim.P. 582(A)(1).  It is averred that the government has made no showing that all 48 of these cases are sufficiently related to warrant their joinder.

Relatedly, Rule 583 provides:

> Severance of Offenses or Defendants
>
> The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim. 583.

In assessing whether the defendants should be tried together, the initial question to be answered is whether joinder was proper -- this is a purely legal question. In contrast, if joinder is proper, the defendant is still free to seek severance based on prejudice -- which is a factual question. Reading Rules 582 and 583 together, our Supreme Court has established the following test for severance matters:

> Where the defendant moves to sever offenses not based on the same act or transaction . . . the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

Dozzo, supra (quoting Commonwealth v. Collins, 703 A.2d 418, 422 (Pa. 1997), cert. denied, 525 U.S. 1015, 119 S.Ct. 538, 142 L.Ed.2d 447. The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.  Applying this tripartite analysis leads to the conclusion that severance is warranted herein. At the very least a severance from the "K2" Defendants is warranted and trial with them would be prejudicial.

**1.Whether the evidence of each of the offenses would be admissible in a separate trial for the other.**  It is averred that joining the two 48 prosecutions together will allow the prosecution to generally introduce evidence as to a wide array of crimes seemingly disconnected without ascertaining Defendant's relative fault in any alleged drug scheme. Further, Defendant asserts that evidence incriminating his co-defendants likely will be used improperly against him.  Specifically, it is believed that many of the co-Defendants have lengthy criminal histories. If these criminal histories are admitted at trial, or other bad acts that these co-defendants have committed are admitted, Defendant, with only one Count lodge against him, very likely will be unfairly characterized as an ex-con, lumped in the same categories as the others in this case. Even under the Government' apparent theory, as demonstrated by the lone count against Defendant, he is but a bit player in some large sprawling drug conspiracy, and yet the massive amount of evidence likely to be admitted against his co-defendants will sweep him towards a guilty verdict. His mere friendship with any one of the 47 co-defendants will allow the Government to insinuate that Defendant is part of this grand scheme with multiple tentacles, aims, actors, and drugs.

Additionally, the joinder of offenses may have a negative impact on the jurors' feelings about Defendant. Joinder may not only confuse a jury but may create an unfavorable impression in their minds as to Defendant's character before any evidence has been admitted as to his guilt or innocence.  The drug evidence admissible in the "K2"cases would not be admissible in trial against Jasek.

**2. Whether such evidence is capable of separation by the jury so as to avoid danger of confusion**. Defendants asserts that trying all 48 cases together would cause significant confusion. The sheer number of defendants being tried together despite varying crimes and

3

various roles in some ambiguous criminal scheme make it very likely that a jury will be utterly confused trying to discern who has done white. Other confusion will emanate from the fact that it will be incredibly challenging for the jury to keep individual defendants separated in their mind so as to determine who has committed what alleged crimes.

Additionally, the Government has given defense counsel in this case a massive amount of completely undifferentiated, and categorized discovery to wade through. Extremely small portions of this massive amount of discovery have anything to do or relate in anyway or identify defendant. Thus, by combining Defendant's case with that of his 47 codefendants, the government is seemingly trying to prosecute this case by dumping an inordinate amount of information on defense counsel in hopes that any discernible grounds for a defense will be hidden, like the proverbial needle in a haystack.

The massive amount of uncategorized discovery, the sizeable number of co-defendants, and the numerosity of counts charged against all the defendants combine to create a prosecution theory that can best be described as throwing the kitchen sink at the defendants and hoping that some charges against some defendants based on some drugs will stick. This unfair posture of the Government is made even more burdensome by the wholly ambiguous Count (and there is only one count) of which Defendant is charged, a count that fails to inform Defendant of the date the Government claims he became involved in the conspiracy; the date the Government claims he stopped the conspiracy; the place the Government claims he committed a portion of the conspiracy (necessary to establish jurisdiction and venue); the specific drugs the Government claims he conspired to deal; how and where this alleged trafficking took place (at a residence? A commercial entity? By mail? By delivery?), how the various co-conspirators allegedly worked together (was there some hierarchical structure to the organization? Did they all work on their

own?), or the amount of drugs involved. While the Government has listed a number of drugs sold in the alleged conspiracy, the Superseding Indictment reads more like a supermarket of illegal contraband rather than a specific list of drugs trafficked. It is rather preposterous to believe that Defendant or any other co-conspirator trafficked in <u>all</u> of these drugs. Rather, it appears that the Government has simply listed all the drugs that are commonly on Pittsburgh streets right now in hopes of tying at least one of the drugs with one of the co-defendants. This utter lack of specificity elucidates the deficiency in the Superseding Indictment, a deficiency made more egregious by joining together 48 seemingly unrelated co-Defendants in this case.

      3. **Whether the defendant will be unduly prejudiced by the consolidation of offenses**. Defendant asserts that he will be significantly prejudiced if tried along with his 47 co-defendants. It is averred that a jury will be incapable of separating the evidence or could not avoid cumulating the evidence. For example, joining these cases precludes the co-defendants from presenting antagonistic defenses, and may force Defendant to arrive at a different decision about whether to testify. Moreover, the conflict of interest between the 48 co-defendants is great. Each has a motive to inculpate each other. Thus, Defendant will proceed to trial not only facing the Government as challenger but 47 separate co-defendants who may attempt to minimize their own culpability via shifting it on to another.

      It appears that the Government has simply listed a large and random list of suspects only tangentially connected and in a wholly speculative manner under the theory that they are part of an overall conspiracy with an aim of drug trafficking. Joinder of such a magnitude cannot rest on mere speculation on the Government's part. The Defendant asserts that if the government wishes to proceed it should have to make a prima facie showing that these cases are actually related in a legally cognizable manner.

Accordingly, Defendant requests this Honorable Court to sever the prosecution against Defendant from that of his co-defendants. WHEREFORE, Defendant, Richard Jasek, respectfully requests the Honorable Court to grant Richard Jasek a separate trial in this matter.

Respectfully submitted,

*Wendy L. Williams*

Wendy L. Williams
Pa. I.D. No. 50379

The Frick Building
437 Grant Street, Suite 417
Pittsburgh, PA 15219
(412) 434-5757
Attorney for Defendant,
Richard Jasek