# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 2:19-cr-8 |
| RICHARD JASEK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Richard Jasek has filed a *pro se* motion for compassionate release. Even assuming for purposes of this order only that Mr. Jasek has exhausted his remedies and has established "extraordinary and compelling reasons" based on a heightened risk of contracting COVID-19,[1] the Court must nonetheless deny the motion. This is so because the Court is also obligated to ensure that any sentence reduction is consistent with 18 U.S.C. § 3553(a). A reduction to Mr. Jasek's sentence does not align with factors under Section 3553.

---

[1] That said, the Court notes that it is unlikely that Mr. Jasek has established extraordinary and compelling reasons, as he has provided no medical records or other evidence that would suggest that he is at a heightened risk for complications from COVID-19. *Cf. United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (Ranjan, J.). While Mr. Jasek's medical records confirm an asthma diagnosis (those records are less clear about diagnoses for his other claimed ailments), it is being appropriately treated and he was observed with no breathing difficulty during a recent clinical evaluation. ECF 3742-3. Mr. Jasek is also fully vaccinated and boosted, which mitigates his risk from a COVID-19 infection. *United States v. De La Rosa*, No. 20-194, 2022 WL 2803115, at *3 (W.D. Pa. July 18, 2022) (Horan, J.) ("Viewing his medical conditions in combination with his age, 42, and the fact that he has received two doses of the vaccine, the Court cannot say that such circumstances demonstrate 'extraordinary and compelling reasons.'"). Moreover, Mr. Jasek has not shown that his incarceration at FCI-Elkton places him at increased risk of contracting COVID-19. FCI-Elkton currently has minimal COVID-19 cases, and a high rate of vaccination. *See* BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited Jan. 20, 2023); FCI Elkton, https://www.bop.gov/locations/institutions/elk/ (last visited Jan. 20, 2023).

The Court sentenced Mr. Jasek to 70 months of imprisonment in November 2021 for serious drug-trafficking crimes. ECF 3079. BOP records show that his current release date is January 6, 2025. Releasing him now with almost two years remaining on his sentence would undermine the purposes of sentencing, including, without limitation, the seriousness of the offense, the need for deterrence, protection of the public, and the creation of sentencing disparities, as well as all the factors outlined by Congress at Section 3553.

More specifically, as for the Section 3553 factors, they overwhelmingly weigh against reducing Mr. Jasek's sentence for these reasons: Mr. Jasek committed the instant drug-trafficking offense while on federal supervised release for a prior drug-trafficking offense (ECF 2973, 24:8-27:18; Case No. 2:10-cr-233, ECF 769); the record shows that Mr. Jasek's role in the conspiracy was a substantial one—that is, he served as a significant source of supply of cocaine and heroin for other members of the conspiracy (ECF 3069, p. 3); Mr. Jasek has a long and serious criminal history (ECF 2995; ECF 3742, p. 18); Mr. Jasek has committed several acts of prison misconduct since beginning his sentence (ECF 3742-4); and Mr. Jasek was already given a sentence at the low end of his advisory Guidelines range of 70 to 87 months (ECF 3742-1).

But not only that, Mr. Jasek was sentenced before any of the trials occurred in this multi-defendant case. After hearing evidence at the first trial, it became apparent to the Court that Mr. Jasek's role in the conspiracy and the seriousness of his conduct were even more significant than the Court fully understood at Mr. Jasek's sentencing. In other words, if Mr. Jasek were to be re-sentenced today, he would likely receive a higher sentence. So, the idea of reducing Mr. Jasek's sentence now—or, candidly, ever—is patently absurd.

For these reasons, his motion is **DENIED**. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).[2]

Date: January 20, 2023                               BY THE COURT:

                                                     /s/ *J. Nicholas Ranjan*
                                                     United States District Judge

---

[2] Mr. Jasek also asks for his release based on concerns he has for the health of his son, mother, and girlfriend, but he has not administratively exhausted those claims. *United States v. Amaro*, No. 19-263, 2022 WL 2789868, at *2 (W.D. Pa. July 15, 2022) (Conti, J.) ("A necessary part of 'strict compliance' with the exhaustion requirement is that the BOP be given the opportunity to consider the same request made to the court."). Even if he had, he has not shown that those family circumstances trigger compassionate release. Compassionate release based on family circumstances is limited to two narrow situations: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C). Neither of these situations is present here. Mr. Jasek's son is not a minor, and Mr. Jasek has presented no evidence demonstrating that his son, mother, or girlfriend are incapacitated. In sum, Mr. Jasek has failed to demonstrate that his concerns for the health of his son, mother, and girlfriend are extraordinary and compelling reasons for his early release. *See United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("While the Court empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include Ingram's mother. Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").